**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jaime ALVAREZ–OCANEGRA, also
known as Jaime Alvarez–Bocane-
gra, Defendant–Appellant.**

No. 05–50759
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 17, 2006.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office Western
District of Texas, San Antonio, TX, for
Plaintiff–Appellee.

Victor M. Valdes, San Antonio, TX, for
Defendant–Appellant.

Before KING, DeMOSS, and PRADO,
Circuit Judges.

PER CURIAM: *

Jaime Alvarez–Ocanegra appeals his
guilty-plea conviction and sentence for con-
spiring to distribute heroin and launder
money. He makes numerous challenges to
his conviction and sentence.

The record indicates that Alvarez–Oca-
negra knowingly and voluntarily entered a
guilty plea,[1] reserving only the right to
challenge "any upward departure pursuant
to U.S.S.G. § 5K2.0 from the Guideline
range found by the district court,"

"waive[d] his right to appeal his sentence
on any ground, including any appeal right
conferred by 18 U.S.C. § 3742." *See
United States v. McKinney,* 406 F.3d 744,
746 (5th Cir.2005); *United States v. Robin-
son,* 187 F.3d 516, 517–18 (5th Cir.1999);
FED.R.CRIM.P. 11(b)(1)(N). The Govern-
ment has invoked the waiver provision.
As the district court did not upwardly
depart in this case, Alvarez–Ocanegra's
challenges to his sentence are waived un-
der the terms of his plea agreement.

Alvarez–Ocanegra's argument that the
Government withheld evidence in violation
of *Brady v. Maryland,* 373 U.S. 83, 83
S.Ct. 1194, 10 L.Ed.2d 215 (1963), is
waived by Alvarez–Ocanegra's valid guilty
plea. *See United States v. Lampazianie,*
251 F.3d 519, 526 (5th Cir.2001); *United
States v. Diaz,* 733 F.2d 371, 376 (5th
Cir.1984).

Alvarez–Ocanegra's argument that the
Government violated the treaty under
which he was extradited by enhancing his
sentence based on a prior conviction also
waived. Alvarez–Ocanegra provided nei-
ther adequate argument in support of his
assertion nor adequate citation to authori-
ties. *See Yohey v. Collins,* 985 F.2d 222,
225 (5th Cir.1993) (holding that claims not
adequately argued in the body of the brief
are deemed waived on appeal).

Alvarez–Ocanegra's argument that his
conviction is invalid because § 841 is un-
constitutional in light of *Apprendi v. New
Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000), is foreclosed by this
court's decision in *United States v. Slaugh-
ter,* 238 F.3d 580, 582 (5th Cir.2000). Al-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
  determined that this opinion should not be
  published and is not precedent except under
  the limited circumstances set forth in 5TH CIR.
  R. 47.5.4.

1. Alvarez–Ocanegra argues that his guilty
   plea was not knowingly and voluntarily en-

tered because he was not advised that drug
quantity was an element of his offense that
must be proved to a jury. We will not consider
the issue because it was raised for the first
time in his reply brief. *Unida v. Levi Strauss
& Co.,* 986 F.2d 970, 976 n. 4 (5th Cir.1993).

varez–Ocanegra concedes that his argument is foreclosed. He raises the issue only to preserve it for Supreme Court review.

AFFIRMED.